Meredith A. Ahearn
HAGANS, AHEARN & WEBB
745 West 4th Avenue, Suite 304
Anchorage, AK  99501
(907) 276-5294

Attorney for Defendant Celina Tompsan

## UNITED STATES DISTRICT COURT

## DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| CELINA TOMPSAN           . | ) | D.C. No. 3:05-cr-00061 (RBB) |
| | ) | |
| Defendant, | ) | |
| | ) | |

## DEFENDANT'S OPPOSITION TO GOVERNMENT'S PROPOSED AMENDED JUDGMENT

Defendant, Celina Tompsan, by and through her counsel, Meredith A. Ahearn, opposes the Plaintiff's proposed amendment of the Judgment of Conviction to order restitution in the amount of $55,817.55 to be paid to the victims in this case. The Judgment was entered on March 9, 2006, over two years ago. Defendant pled guilty to 18 USC §1343 (Wire Fraud) and 42 USC §408(a)(7)(B) (False Social Security Number).

She was sentenced to a term of imprisonment of 24 months followed by supervised release. She is currently on supervised release. No restitution amount was entered in the original Judgment.

The court may enter a restitution order only pursuant to statutory authority, as federal courts have no inherent power to award restitution. *United States v. Follet,* 269 F.3d 966, 998 (9th Cir. 2001). Defendant submits that this court has no authority to enter an order of restitution because to do so would violate 18 USC §3664 (d)(5) which provides that:

> If the Victim's losses are not ascertainable by the date that is 10 days prior to sentencing, the attorney for the Government or the probation officer shall so inform the court, and the court shall set a date for the final determination of the victim's losses, not to exceed 90 days after sentencing.

The statutory time for a determination of an amount of restitution has passed. The only exception recognized by the statute refers to victims who may subsequently discover further losses at a later date. Then the court may, for good cause shown, enter an amended restitution order. This case does not fall within that exception, hence this court has no authority to set an amount of restitution at this late date nor to amend the Judgment accordingly.

Dated at Anchorage, Alaska this 16 day of May 2008.

HAGANS, AHEARN & WEBB
Attorneys for Defendant

By:   /S/  Meredith A. Ahearn
      Meredith A. Ahearn
      Alaska Bar No. 6903001

**CERTIFICATE OF SERVICE**

I certify that a copy hereof was served electronically this 16th day of May 2008, on:

Crandon Randell
Assistant U.S. Attorney
/S/Meredith A. Ahearn
Meredith A. Ahearn

*6482*